IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY R. GUNTHER, as Executrix of the Estate of SUSAN G. GUNTHER, Deceased : : : : Plaintiff, : : v. : : DEPENDABLE AUTO SHIPPERS, INC., : : and : : SCHMIDT BAKING COMPANY : : Defendant. : | CIVIL ACTION NO. 12-3722 |

**MEMORANDUM**

BUCKWALTER, S. J.                                                              January 23, 2013

      Currently pending before the Court is the Motion of Defendants Dependable Auto Shippers, Inc. and Schmidt Baking Company to Transfer Venue to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. For the following reasons, the Motion is denied.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      According to the facts as set forth in the Complaint, this action was brought by Plaintiff Timothy R. Gunther on behalf of decedent, Susan G. Gunther, who died in a car accident on Monday, May 30, 2011. (Am. Compl. ¶¶ 18, 22.) At or about 2:20pm, Alan Hubbell, an employee of Defendant Dependable Auto Shippers, was driving Defendant's tractor trailer northbound on Pennsylvania Route 83. (Id. ¶ 21.) Mr. Hubbell suddenly changed lanes from the right lane to the left without properly looking prior to the switch. (Id.) The decedent, Ms.

Gunther, was driving in the left lane next to Mr. Hubbell's tractor trailer. (Id. ¶ 22.) While switching lanes, the left center rear axel of Mr. Hubbell's tractor trailer struck Ms. Gunther's car, pushing the car into and eventually onto the center concrete latitudinal barrier, where it was dragged for 166 feet. (Id. ¶ 23.) Eventually Ms. Gunther's car was pushed over the concrete barrier and into the southbound lane of Route 83, where it was struck by a truck operated by Royal D. Stewart, Jr., an employee of Defendant Schmidt Baking Company. (Id. ¶¶ 23, 10.) Mr. Stewart was operating his vehicle well above the posted speed limit of 55 miles per hour. (Id. ¶ 23.) As a result of the accident, Ms. Gunther suffered injuries that ultimately led to her death. (Id. ¶ 24.)

Plaintiff brought suit on July 2, 2012 and filed an Amended Complaint on September 17, 2012, alleging five counts: (1) wrongful death against Dependable Auto, (2) a survival action against Dependable Auto, (3) wrongful death against Schmidt Baking Company, (4) a survival action against Schmidt Baking Company, and (5) loss of consortium against both Defendants. Dependable Auto filed the instant Motion to Transfer on January 3, 2013. Plaintiff filed a Response in opposition on January 10. Schmidt Baking Company then filed a motion on January 14 that both joined in Dependable Auto's Motion to Transfer and replied to Plaintiff's response brief. The Court now considers the merits of the Motion to Transfer.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also Connors v. UUU Prods., No. Civ.A.03-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 5, 2004). The determination

of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877–78 (3d Cir. 1995) (federal law applies because questions of venue are procedural, rather than substantive).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Id. at 879. Venue, in a case based on federal question jurisdiction, is proper only in "(1) a jurisdiction where any of defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or issues giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Second, because the purpose of allowing § 1404(a) transfers is "'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" Pro Spice, Inc. v. Omni Trade Grp., Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)), the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." Jumara, 55 F.3d at 879. The Third Circuit has outlined a non-exhaustive list of pertinent public and private interest factors to be weighed in this balancing test. The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could

make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879–80. The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer. Fellner ex rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc., No. Civ.A.05-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).[1] Notably, analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case."[2] Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996) (internal quotations omitted).

In the case at bar, neither party disputes that the case "might have been brought" in Defendants' requested venue of the Middle District of Pennsylvania. Accordingly, the Court turns to the second part of the inquiry: whether the convenience of the parties and witnesses, as well as the interests of justice, would be served by transferring this case to the Middle District of Pennsylvania. Considering the private and public interests enumerated by the Third Circuit Court of Appeals, the Court finds that transfer is unwarranted in this case.

    **A.**    **Private Interests**

    **1.**    **Plaintiff's Choice of Venue**

---

[1] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." Fellner, 2005 WL 2660351, at *4.

[2] The Third Circuit has noted that its extensive enumeration of factors to be balanced makes "a written opinion setting forth the reasons for transfer . . . highly desirable." Jumara, 55 F.3d at 880 (internal quotations omitted).

The analysis commences with an examination of Plaintiff's choice of venue, as manifested by where the suit was originally brought. As a general rule, a plaintiff's choice of venue is of paramount consideration and "should not be disturbed lightly." In re Amkor Tech., Inc. v. Sec. Litig., No. Civ.A.06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). "Moreover, where . . . the plaintiff files suit in its home forum, that choice is entitled to considerable deference." Am. Argo Corp. v. U.S. Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984).

Nonetheless, there are circumstances wherein a plaintiff's choice of forum is not entitled to significant deference. For example, "a plaintiff's choice [of forum] receives less weight where none of the operative facts occurred in the selected forum." Fid. Leasing, Inc. v. Metavec Corp., No. Civ.A.98-6035, 1999 WL 269933, at *2 (E.D. Pa. Apr. 29, 1999); see also Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum.") (citations omitted). Moreover, where plaintiff files suit outside his or her own forum, plaintiff's choice of forum is entitled to less deference. Copley v. Wyeth, Inc., No. Civ.A.09-722, 2009 WL 2160640, at *3 (E.D. Pa July 17, 2009).

The Plaintiff in this case is domiciled in New York (as was his decedent), but decided to bring suit in the Eastern District of Pennsylvania. The incident in question occurred in the Middle District of Pennsylvania. Thus, while Plaintiff's choice of forum is still granted weight in the decision, it is somewhat lessened because he is not requesting a home forum or one in which any operative facts of the case occurred.

    **2.**    **Defendants' Preference**

The second factor—defendants' forum choice—is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted). Nevertheless, Defendants' preference is for the case to be transferred to the Middle District of Pennsylvania.

### 3. Whether the Claim Arose Elsewhere

Typically the most appropriate venue is governed by the third factor—where a majority of events giving rise to the claim arose. In re Amkor Tech., Inc. Secs. Litig., No. Civ.A.06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006). "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Cancer Genetics, Inc. v. Kreatech Biotech. B.V., No. Civ.A.07-273, 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11, 2007).

Because the accident—the only operative event in this case—took place in the Middle District of Pennsylvania, this factor weighs in favor of transfer.

### 4. Convenience of the Parties

The parties are unlikely to be inconvenienced by having the case remain in the Eastern District of Pennsylvania. Plaintiff resides in New York and must travel regardless of whether the case stays in the Eastern District or is moved to the Middle District. Plaintiff points out that he actually will travel less if the case remains in the Eastern District; his residence is 129 miles from the courthouse in Philadelphia and 196 miles from the courthouse in Harrisburg. (Pls.' Resp. Opp'n Transfer 11.) The two Defendants are both corporations incorporated outside of

6

Pennsylvania and whose principal places of business are outside of Pennsylvania. (Am. Compl. ¶¶ 7–8; Answer ¶¶ 7–8.) Both companies do business in the Eastern District, and travel to the Eastern District would be no more burdensome than travel to the Middle District.

### 5. Convenience of Witnesses

The next private factor the Court includes in the balancing test is the convenience of material witnesses. This "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. Civ.A.01-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001) (citing Lindley v. Caterpillar, Inc., 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000)). There are many different types of witnesses, however, and each one carries a different weight. "[F]act witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). Party witnesses or witnesses who are employed by a party, on the other hand, have little impact on the "balance of convenience" analysis since each party is obligated to procure the attendance of its own employees for trial. Id. Likewise, expert witnesses or witnesses who are retained by a party to testify carry little weight because they "are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." See Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F. Supp. 503, 505 (D. Del. 1951); see also Howell v. Shaw Indus. Nos. Civ.A.93-2068, 93-2638, 1993 WL 387901, at *5 (E.D. Pa. Oct. 1, 1993) ("[T]he convenience of expert witnesses is generally given little weight in a motion to transfer venue.").

Because the incident in question happened in the Middle District, Defendants points out

that many of the fact witnesses reside in the Middle District.  These witnesses include officers, first responders, and accident reconstructionists.  It would be more convenient for these witnesses to testify in the Middle District as opposed to the Eastern District.  There do not appear to be any witnesses from the Eastern District other than proposed (but not yet retained) experts.  Thus, this factor weighs in favor of transfer.

### 6. Location of Books and Records

The parties have identified a few records that are relevant in this case, including a toxicology report and the coroner's report.  However, there is no reason to believe that these reports would be more or less difficult to obtain if the case remains in the Eastern District.  The distance between the Eastern District and the Middle Districts of Pennsylvania is not so great as to weigh heavily in the analysis.

### B. Public Interests

#### 1. Enforceability of Judgment

The parties do not dispute that a judgment entered against Defendants in either forum would be enforceable.  Therefore, the Court also assigns no weight to this factor.

#### 2. Practical Considerations that Could Make the Trial Easy, Expeditious or Inexpensive

Again, Defendants argue that transfer would make the trial easier and less expensive, as a number of the fact witnesses reside in the Middle District.  While it is true that trial in the Middle District would be more convenient for the relevant fact witnesses, the distance between the two Districts, as noted above, is not so great as to make a significant difference.

#### 3. The Relative Administrative Difficulty in the Two Fora Resulting from Court Congestion

For all practical purposes, the calendar of this Court is not so full as to deny the parties prompt and thorough consideration of their case.

### 4. The Local Interest in Deciding Controversies at Home

The Court's next consideration is which of the two potential districts maintains a greater interest in the action. "The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit." Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 330 (D.N.J. 1995). Typically, when a substantial amount of the alleged culpable conduct occurred in the chosen forum, that court favors retaining jurisdiction as a matter of local interest. Cancer Genetics, 2007 WL 4365328, at *6; see also In re E. Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195 (E.D.N.Y. 1994) ("When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report.").

Although the incident in question occurred in the Middle District of Pennsylvania, there is no indication that this controversy is particularly local in nature. As such, this factor does not weigh significantly in the Court's decision.

### 5. The Public Policies of the Fora

As the case will remain in a Pennsylvania forum regardless of whether or not transfer is granted, this factor does not weigh into our consideration.

### 6. The Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases

As Pennsylvania law will apply regardless of whether or not transfer is granted, this factor

9

also does not weigh into our consideration.

### III. CONCLUSION

Based on the factors discussed above, the Court finds there is insufficient reason to upset Plaintiff's choice of having the case in the Eastern District of Pennsylvania. Though the incident in question occurred in the Middle District of Pennsylvania, there is nothing particularly compelling about the facts or potential witnesses involved which suggest that litigating the case in the Eastern District of Pennsylvania would create an undue burden on the timely resolution of the case. Though transfer might make the case slightly more convenient for the fact witnesses identified by Defendant, the distance between the two districts is not so great as to make any inconvenience substantial. As such, noting the high deference given to Plaintiff in his choice of forum, the Court denies Defendants Motion to Transfer.

An appropriate Order follows.